STATE OF WEST VIRGINIA

*In re*: **A.B. and L.C.**

**FILED**

**September 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 17-0297** (Kanawha County 16-JA-103 & 16-JA-104)

## MEMORANDUM DECISION

Petitioner Mother B.B., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's February 23, 2017, order terminating her parental rights to A.B. and L.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding she failed to successfully complete her improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 15, 2016, petitioner called 911 and stated that she did not feel safe at home and that she feared for her life. She was admitted to a hospital and received mental health treatment. At the time of her admissions, petitioner tested positive for THC, methamphetamines, and ecstasy. On February 18, 2016, the DHHR filed an abuse and neglect petition against petitioner that alleged petitioner's mental health and substance abuse issues prevented her from being an appropriate parent. The DHHR further alleged that petitioner failed to provide the children with necessary food, clothing, supervision, and housing.

The preliminary hearing was held in March of 2016, where the circuit court found that imminent danger threatened the physical well-being of the children. Following the preliminary hearing, the circuit court ordered the DHHR to provide services to petitioner including: a psychological evaluation to include an evaluation of factors related to parental fitness; random drug screens; substance abuse treatment; mental health treatment; and supervised visits with the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

children twice a week. Petitioner was ordered to sign any release necessary for the DHHR to obtain records regarding her medical and mental health, and substance abuse treatment.

In May of 2016, the circuit court held an adjudicatory hearing where petitioner stipulated to the allegations of abuse and neglect. Petitioner requested a post-adjudicatory improvement period, which the circuit court granted. Petitioner's improvement period required her to participate in random drug screens, substance abuse treatment, parenting and adult life skills education, supervised visits, a psychiatric consultation, and any other services recommended following the psychiatric consultation.

In August of 2016, the circuit court held a review hearing. The DHHR provided testimony that petitioner was evicted from her home due to her frequent alcohol use. The DHHR also provided testimony that petitioner had called the children while under the influence of alcohol. Further, the DHHR established that petitioner frequently called the police if she did not get to speak with the children. During those calls, she falsely told the police that the children had been kidnapped or were missing. The circuit court extended petitioner's improvement period for a period of ninety days.

In January of 2017, the circuit court held a dispositional hearing at which petitioner moved for a post-dispositional improvement period. The DHHR presented testimony that petitioner failed to follow recommendations from the psychological report and failed to enter into an inpatient treatment facility. Petitioner admitted that she had not entered into an inpatient treatment facility and that she stopped taking medication prescribed to her by a psychiatrist. The DHHR also presented testimony that petitioner had lied to child protective services ("CPS") workers throughout the proceedings, particularly about the fact that she was evicted from an apartment. A service provider also testified regarding petitioner's strange and erratic behavior, including showing favoritism towards one child over the other and talking about the children in a sexual manner. Based on that evidence, the circuit court determined that petitioner failed to successfully complete her post-adjudicatory improvement period, denied that her mental health issues impaired her ability to parent, and failed to cooperate with mental health treatment. Based on this evidence, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The circuit court also found petitioner failed to demonstrate that she was likely to comply with the terms and conditions of a post-dispositional improvement period, and as such, her motion for a post-dispositional improvement period was denied. Ultimately, the circuit court terminated her parental rights in its February 23, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[2]Both parents' parental rights to the children were terminated below. According to the guardian and the DHHR, the children are placed together in a foster home with a goal of adoption in that home.

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings below.

In her sole assignment of error, petitioner argues that the circuit court erred in finding that she did not successfully complete her improvement period. In support of her argument, petitioner asserts that she complied with the terms of her improvement period and received treatment for drug abuse and mental illness. This Court has previously held that,

"at the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child."

Syl. Pt. 3, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Here, the circuit court found that petitioner failed to participate adequately in the services offered and failed to benefit from them. As discussed above, the record on appeal indicates petitioner denied that her mental health issues impaired her ability to parent, failed to follow through with a reasonable family case plan, and failed to show the ability to resolve the problems of child abuse and neglect on her own or with help. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies . . . ." Here, the record on appeal revealed that petitioner did not follow recommendations from the psychological report and did not enter into an inpatient treatment facility. In fact, petitioner admitted that she had not entered into an inpatient treatment facility and that she stopped taking medication prescribed to her by a psychiatrist. The record on appeal also revealed that petitioner had lied to CPS workers throughout the proceedings, particularly about the fact that she was evicted from an apartment. Finally, the record on appeal showed petitioner exhibited strange and erratic behavior, including showing favoritism toward one child over the other and talking about the children in a sexual manner. Based on this evidence, the circuit court was correct in finding

that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Accordingly, we find she is not entitled to relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 23, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 25, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4